```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HASBRO, INC. and                )
LARAMI LIMITED,                 )   Civil Action
                                )   No. 02-MC-00231
            Petitioners         )
                                )
       vs.                      )
                                )
ALAN AMRON and                  )
AMRON DEVELOPMENT, INC.,        )
                                )
            Respondents         )
```

O R D E R

NOW, this 20th day of February, 2006, upon consideration of the Petition to Confirm Arbitration Award, which petition was filed on September 12, 2002; upon consideration of Respondents' Opposition to Petition to Confirm Arbitration Award and Enter Judgment Thereon and Respondents' Motion to Vacate Arbitration Award, which opposition and motion was filed September 30, 2002; upon consideration of Petitioners' Answer to Respondents' Motion to Vacate Arbitration Award filed October 11, 2002; upon consideration of the briefs of the parties; after oral argument; and for the reasons expressed in the accompanying Memorandum,

IT IS ORDERED that the Petition to Confirm Arbitration Award is granted in part and denied in part.

IT IS FURTHER ORDERED that the Petition to Confirm Arbitration Award is denied regarding paragraph 4 of the Award of Arbitrators which finds in favor of petitioners and against respondents on respondents' counterclaim for fraudulent

conveyance.

IT IS FURTHER ORDERED that in all other respects the Petition to Confirm Arbitration Award is granted.

IT IS FURTHER ORDERED that Respondents' Motion to Vacate Arbitration Award is granted in part and denied in part.

IT IS FURTHER ORDERED that respondents' motion to vacate is granted regarding paragraph 4 of the Award of Arbitrators which finds in favor of petitioners and against respondents on respondents' counterclaim for fraudulent conveyance.

IT IS FURTHER ORDERED that paragraph 4 of the Award of Arbitrators is vacated.

IT IS FURTHER ORDERED that in all other respects, Respondents' Motion to Vacate Arbitration Award is denied.

IT IS FURTHER ORDERED that judgment is entered in favor of petitioners Hasbro, Inc. and Larami Limited and against respondents Alan Amrom and Amron Development, Inc. on respondents' claim for patent infringement of U.S. Patent No. 6,234,347.[1]

IT IS FURTHER ORDERED that respondents Alan Amrom and Amron Development, Inc. and their successors and assigns are

---

[1] As noted in the accompanying Memorandum, we enter judgment for petitioners on respondents' claim for patent infringement as a result of unclean hands because respondent Alan Amron engaged in inequitable conduct by failing to disclose, as required, the existence of respondent Amron Development, Inc. and all assets assigned to it.

barred from enforcing U.S. Patent No. 6,234,347 against petitioners Hasbro, Inc. and Larami Limited.

IT IS FURTHER ORDERED that judgment is entered in favor of petitioners Hasbro, Inc. and Larami Limited and against respondents Alan Amrom and Amron Development, Inc. on petitioners counterclaim for common law fraud.[2]

IT IS FURTHER ORDERED that judgment is entered in favor of petitioners Hasbro, Inc. and Larami Limited and against respondents Alan Amrom and Amron Development, Inc. on petitioners counterclaim of breach of contract.[3]

IT IS FURTHER ORDERED that judgment in the amount of $44,343.37 is entered in favor of petitioners Hasbro, Inc. and Larami Limited and against respondents Alan Amrom and Amron Development, Inc. for petitioners' legal fees and costs for defending the declaratory judgment action brought by Mr. Amron in

---

[2] As noted in the accompanying Memorandum, we enter judgment for petitioners on petitioners' counterclaim for common law fraud because respondent Alan Amron fraudulently concealed the creation of respondent Amron Development, Inc., a corporation with a confusingly similar name to Alan Amrom Development, Inc.  We further note that the arbitrators did not award any monetary damages for petitioners' counterclaim for common law fraud.

[3] As noted in the accompanying memorandum, we enter judgment for petitioners on petitioners' counterclaim for breach of contract because Alan Amron filed a declaratory judgment action in United States District Court for the Eastern District of New York (case number 01-7830) in breach of paragraph 14(a) of the August 9, 1997 Settlement Agreement.  We further note that while respondents asserted that the filing of the declaratory judgment action did not constitute a breach of contract, they did not contest the amount of the damages awarded.  The $44,343.37 awarded by the arbitrators reflecting the legal fees and costs borne by petitioners for defending the declaratory judgment action in federal court constitutes the only measure of damages awarded by the arbitrators.

case number 01-CV-7830 in the United States District Court for the Eastern District of New York.

      IT IS FURTHER ORDERED that respondents shall pay petitioners the sum of $44,343.37 on or before March 24, 2006.

      IT IS FURTHER ORDERED that each party shall bear the cost and expense of his or its attorneys' fees and cost for the arbitration and for the within action.

      IT IS FURTHER ORDERED that confirmation of the Award of Arbitrators issued September 10, 2002 is in full settlement of all claims and counterclaims submitted to the American Arbitration Association. All claims not expressly granted herein are denied.

      IT IS FURTHER ORDERED that the Clerk of Court shall mark this case closed for statistical purposes.

      BY THE COURT:


/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge